IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>V. ESCARCEGA, et al.,<br><br>　　　　　Defendants. | No.  2:22-CV-1433-KJM-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 28.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff contends the appointment of counsel is warranted because he has limited access to the prison law library and materials such as paper, pens, and envelopes. Plaintiff also states that he is untrained in the law. Finally, Plaintiff states that appointment of counsel will facilitate investigation and prosecution of his case.

As with most inmates pursuing litigation in federal court, these represent typical and not exceptional circumstances. A review of Plaintiff's filings to date reflects that he is able to sufficiently articulate his claims and arguments on his own. Further, the Court cannot say at this stage of the proceedings prior to completion of discovery and consideration of any dispositive motions that Plaintiff has established any particular likelihood of success on the merits. Finally, the issues involved in this case are not overly complex factually or legally.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 28, is denied.

Dated: September 1, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE